L. B. SOUTHERLAND, JR., v. FLORIDA NATIONAL BUILDING CORPORATION.

154 So. 131.

En Banc.

Opinions Filed April 2 and June 4, 1934.

*Semple & Hirschman,* for Appellant;

*Emett C. Choate* and *Waller & Pepper,* for Appellee.

PER CURIAM.—In this case an attempt has been made to submit on stipulation of counsel a chancery cause to this Court for final determination on its merits. What transcript there is appears to be made up largely· of portions of the record below that are neither certified to this Court by the Clerk nor authenticated by the Chancellor, nor is the purported testimony verified by the Chancellor.

The Supreme Court can only decide a case on its merits after considering it upon a legal and sufficient transcript of the record. While under our statute (Section 4966 C. G. L., 3174 R. G. S.) portions only of the entire record in a chancery case may be stipulated for by counsel to avoid the necessity of bringing up on an appeal to this Court, a complete formal transcript in the usual form, all such stipulated portions of the record as are actually brought here pursuant to stipulation, must be brought up under the seal of the Clerk of the Court below and authenticated with the usual Clerk's certificate verifying it as a correct transcript of what appears therein.

Where testimony is involved that is required to be considered as a part of a stipulated transcript of the record on appeal in a chancery case, such testimony as it appears in the transcript should be certified by the Chancellor as being correct, unless such testimony has been otherwise duly filed in the cause and by such filing made a part of the record under the statutes and rules governing chancery causes.

In this case there is no sufficient transcript of the record,

so the appeal should be dismissed. In view of the fact that the question here arising has not heretofore been dealt with by this Court, leave is given to file a proper transcript within ten days, in default of which an order of dismissal will be entered.

Dismissed subject to condition.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.

BUFORD, J.—The appeal here is from a final decree vacating a temporary restraining order, the effect of which had been to restrain the progress of an action instituted to evict a tenant by the means of unlawful detainer proceedings.

Numerous questions are argued, but the case must be disposed of by considering one controlling fact.

Appellant was in possession under a lease from a former owner. Appellees purchased the property under foreclosure sale. Appellant's lease expired. Appellant claimed that appellee's agent agreed with appellant that appellee would make appellant a lease for one year to begin about thirty days from date of agreement. Appellee declined to make such a lease and instituted the above stated proceedings to evict the tenant. Appellant filed bill in equity for specific performance and afterwards amended his bill to include allegations and prayer looking to injunction against the eviction proceedings. Temporary restraining order was granted without notice. On motions, and after hearing testimony, the order appealed from was entered.

Other questions aside the record shows affirmatively that the alleged agent was without authority to make any agreement such as was alleged by which the owner would be bound or could be held to perform. Unless the alleged agent had authority to make such agreement so as to bind

the owner or had been held out by the owner in some manner as an agent of the owner having authority to bind the owner by such agreement, the agreement was without any binding effect on the owner and, therefore, could not support a suit for specific performance.

The decree should be affirmed.

It is so ordered.

Affirmed.

Davis, C. J., and Whitfield and Terrell, J. J., concur.